Wang v. Holder
BIA
A075 969 598

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of September, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> JOSEPH M. McLAUGHLIN,
> PETER W. HALL,
> > *Circuit Judges.*

_____

MING CAN WANG,
> *Petitioner,*

v.                                              11-5036
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Peter D. Lobel, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Leslie McKay,
                         Assistant Director; Kelly J. Walls,
                         Trial Attorney, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Can Wang, a native and citizen of the People's Republic of China, seeks review of a November 3, 2011 decision of the BIA denying his motion to reopen. *In re Ming Can Wang*, No. A075 969 598 (B.I.A. Nov. 3, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Because Wang did not become a Christian until after he left China and did not allege past persecution on account of his Christian faith, in order to demonstrate his *prima facie* eligibility for relief, he was required to show a realistic chance that Chinese authorities were either aware or likely to become aware of his religious activities. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008) (per curiam). Wang did not establish a realistic chance that Chinese authorities would become aware of his religious activities, based on the

2

background evidence in the administrative record.  That evidence shows that Chinese authorities interfered only with several large house churches.  *See Hongsheng Leng*, 528 F.3d at 142.  Wang also did not establish a realistic chance that Chinese authorities would become aware of his religious activities, based on a letter submitted by his cousin, which indicates that two underground church members were arrested in China.  The letter does not show that Wang is either likely to be targeted for persecution or that there exists a pattern or practice of persecution of similarly situated individuals.  *Id.; accord* 8 C.F.R. §§ 1208.13(b)(2)(iii) (asylum), 1208.16(b)(2)(i) (withholding of removal).  Accordingly, as Wang failed to show that Chinese authorities were aware or likely to discover his practice of Christianity, he did not establish his *prima facie* eligibility for relief.  *See Hongsheng Leng*, 528 F.3d at 142; *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (absent "solid support" in the record that his fear is objectively reasonable, a petitioner's claim is "speculative at best").

Wang's final argument that the BIA abused its discretion by failing to explicitly consider probative evidence of changed country conditions is unavailing,

3

because the BIA's denial of his motion for failure to establish his *prima facie* eligibility for relief was dispositive.  *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4